IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

Jacquelyn Wright,

    Plaintiff,

v.

Performant Recovery, Inc.; and DOES 1-10, inclusive,

    Defendants.

Civil Action No.: 3:14-cv-17200

**Jury Trial Demanded**

## COMPLAINT

For this Complaint, the Plaintiff, Jacquelyn Wright, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-1-101, et seq. ("WVCCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Jacquelyn Wright ("Plaintiff"), is an adult individual residing in Huntington, West Virginia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Performant Recovery, Inc. ("PRI"), is a California business entity with an address of 333 North Canyons Parkway, Suite 100, Livermore, California 94551, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by PRI and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. PRI at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to the United States Department of Education (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to PRI for collection, or PRI was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. PRI Engages in Harassment and Abusive Tactics

12. Within the last year, PRI started placing calls to Plaintiff's place of employment in an attempt to collect the Debt.

13. During the initial conversation and several thereafter, Plaintiff informed PRI that she could not take calls regarding the Debt at her workplace and requested PRI cease any further communication there.

14. Nonetheless, PRI proceeded to place dozens of additional calls to Plaintiff's place of employment.

15. During one of these additional calls, PRI spoke with Plaintiff's boss and questioned him as to why Plaintiff was not at work that day.

16. Plaintiff's boss also requested PRI cease calling the workplace. PRI, however, continued to call.

17. PRI's calls to her workplace caused Plaintiff a great deal of embarrassment.

### C. Plaintiff Suffered Actual Damages

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq*.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at her place of employment, knowing that the Plaintiff's employer prohibited such communications.

22. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

24. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

25. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT, W. Va. Code § 46A-1-101, et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Plaintiff is a "consumer" as defined by W. Va. Code §§ 46A-1-102(12) and 46A-2-122(a).

29. The Defendants are "debt collectors" as defined by W. Va. Code § 46A-2-122(d).

30. The Defendants are "creditors" as defined by W. Va. Code S 46A-5-101(1) and as construed by the Supreme Court of Appeals of West Virginia in *Barr v. NCB Management*

4

*Services Inc.*, 711 S.E.2d 577 (W. Va. 2011). The Defendants are, therefore, liable for each of the following violations of the West Virginia Consumer Credit and Protection Act.

31. By violating provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., Defendants' violated West Virginia Consumer Credit and Protection act pursuant to W. Va. Code § 46A-2-124(f).

32. The Defendants' conduct violated W. Va. Code § 46A-2-125 in that Defendants unreasonably oppressed or abused Plaintiff in connection with the collection of the Debt.

33. The Defendants' conduct violated W. Va. Code § 46A-2-125(d) in that Defendants caused a telephone to ring or engaged Plaintiff in telephone conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten the Plaintiff.

34. The Defendants' conduct violated W. Va. Code § 46A-2-128 in that Defendants used unfair or unconscionable means to collect the Debt.

35. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the WVCCPA, including every one of the above-cited provisions.

36. The Plaintiff is entitled to damages as a result of Defendants' violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Statutory damages of between $100.00 and $1,000.00 for each violation of the West Virginia Consumer Credit and Protection Act, W. Va. Code 46A-1-101, et seq., pursuant to W. Va. Code 46A-5-101(1), and with adjustments made for inflation per Section 46A-5-106 ;

5. Costs of litigation and reasonable attorney's fees pursuant to W. Va. Code, § 46A-5-104 against the Defendants;

6. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 29, 2014

Respectfully submitted,

By  /s/ Brian J. Headley

Brian J. Headley, Attorney at Law
West Virginia Bar No. 9667
1156 Bowman Rd., Suite 200
Mount Pleasant, SC 29464
Telephone: (843) 375-6181
Facsimile: (843) 375-6185
bjheadley@yahoo.com
bheadley@lemberglaw.com

Of Counsel To
LEMBERG LAW, LLC
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237
Attorneys for Plaintiff